**TRAXYS NORTH AMERICA, LLC, Plaintiff,**

v.

**CONCEPT MINING, INC., Defendant.**

**Case No. 1:10CV00029.**

United States District Court,
W.D. Virginia,
Abingdon Division.

May 16, 2011.

---

Wade W. Massie and Timothy K. Lowe, Penn, Stuart & Eskridge, Abingdon, VA, for Plaintiff.

Howard C. McElroy, McElroy, Hodges, Caldwell & Thiessen, Abingdon, VA, and Robert J. Hannen, Thorp Reed & Armstrong, LLP, Pittsburgh, PA, for Defendant.

## OPINION AND ORDER

JAMES P. JONES, District Judge.

This is an action under the court's diversity jurisdiction, brought by a coal purchaser against the seller for an alleged failure to deliver the coal promised. The defendant has counterclaimed on the ground that the buyer allegedly breached the contract. The case is to be tried without a jury and the immediate issue before the court is the plaintiff's pretrial motion to exclude the defendant's expert witness on the subject of damages. *See* Fed. R.Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

The Federal Rules of Evidence allow expert evidence under certain circumstances.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the wit-

ness has applied the principles and methods reliably to the facts of the case. Fed.R.Evid. 702.

■ In *Daubert,* the Supreme Court interpreted this rule as placing the court in a "gatekeeping role" between expert evidence and the trier of fact. 509 U.S. at 589, 597, 113 S.Ct. 2786. Accordingly, the court is tasked with determining whether the proponent has established by a preponderance of the evidence that the expert's opinion is admissible. *See id.* at 593 n. 10, 113 S.Ct. 2786 (citing *Bourjaily v. United States,* 483 U.S. 171, 175–76, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)); Fed. R.Evid. 104(a).

To make this determination, *Daubert* suggests that the trial court examine the evidence's reliability and relevancy using a number of nonexclusive factors. 509 U.S. at 593–95, 113 S.Ct. 2786. In a subsequent case, the Court held that *Daubert* applies to all forms of expert evidence and that courts have "considerable leeway" in determining the admissibility of such evidence. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

■ The gatekeeping function of the court is relaxed where a bench trial is to be conducted, as in this case, because the court is better equipped than a jury to weigh the probative value of expert evidence. *United States v. 100.01 Acres in Buchanan Cnty., Va.,* No. 1:00CV00185, 2002 WL 923925, at *2 (W.D.Va. May 7, 2002). Indeed, "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cnty. Bd. of Educ.,* 392 F.3d 840, 852 (6th Cir.2004). "[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *In re Salem,* 465 F.3d 767, 777 (7th Cir.2006). "There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown,* 415 F.3d 1257, 1269 (11th Cir.2005).

■ Of course, I recognize the utility of a pretrial *Daubert* motion even with a bench trial, where, as claimed here, the expert's testimony may be the opposing party's only evidence on an issue. If excluded, summary judgment may be appropriate, thus saving the necessity for trial on that issue. Nevertheless, after careful review of the materials submitted by the parties, I will exercise my discretion to deny the motion at this stage, reserving to trial a decision as to the reliability and relevancy of the expert's opinions.

For these reasons, the plaintiff's Motion to Exclude the Testimony of Robert H. Scott (ECF No. 55) is DENIED.